NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| COUTINHO & FERROSTAAL INCORPORATED, a Delaware Corp., <br><br> Plaintiff, <br><br> vs. <br><br> OMNI STEEL CO, INC., a California Corp. and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV 09-06312-DMG (PLAx) <br><br> [~~PROPOSED~~] PROTECTIVE ORDER <br><br> FOR DISCOVERY AND DISCOVERY RELATED ISSUES ONLY. |

Having reviewed the parties' Stipulation regarding confidentiality and for entry of this Order, and finding good cause therefore, it is hereby ORDERED that the parties' Stipulation and this Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to this action in connection with discovery in the litigation thereof.

1.  As used in this Stipulation and Order, the term "CONFIDENTIAL" means documents and other information produced in the course of discovery in this

1

action that are designated as "CONFIDENTIAL" or "Trade Secret" pursuant to the terms of this Order. The term "documents" as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type. This Order is applicable to all forms of discovery, including but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, and any documents recorded on computer disks, the parties may designate any such materials as "CONFIDENTIAL" under the terms of this stipulated order.

2. The parties to this Stipulation and Order may designate as "CONFIDENTIAL" or "Trade Secret," pursuant to the terms of this Order, documents or other discovery material to the extent they include, concern, involve or consist of patented or confidential research, development, testing, analysis or experimentation; competitive, proprietary, or commercial information; financial information, information relating to ownership, structure, operation or control of any non-public company; board minutes and internal communication dealing with or related to business strategy; and any information protected from disclosure by any privacy law or other government regulation, as well as any other type of information given confidential status by the court. Any failure to designate a document "Trade Secret" shall not waive trade secret protection for any document otherwise designated "CONFIDENTIAL" pursuant to this Protective Order, and shall not waive or preclude any future "Trade Secret" designation.

3. Parties to this Stipulation and Order realize, agree and acknowledge that this action involves sensitive proprietary information which would not be otherwise disclosed or made available to the public. In seeking this protective order parties acknowledge the confidentiality of the information at issue in this case and wish to keep this information protected and confidential. Should the information become public, it could adversely affect the value of the information and the interest held by other parties in connection with this information. The groups of documents and the

basis for their confidentiality are set out in paragraph 5 of this Order. All parties acknowledge that categories of documents set out in paragraph 5 are a good faith attempt to provide the court with specificity of documents which the parties seek to protect, but nothing in paragraph 5 shall prevent any party from designating a document as "CONFIDENTIAL" if the party believes in good faith that the document is entitled to such designation.

4. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Rule 26(g) of the Federal Rules of Civil Procedure.

5. The parties will specifically seek protection under this Order for the following documents and for the following reasons:

(a) Patented or confidential research, development, testing, analysis or experimentation. The information which will be disclosed as part of the discovery in this action is patented, copy-written and proprietary information which should be offered the protection afforded by the revisions incorporated in the Copyright Act of 1976, Patent Act of 1977, American Inventors Protection Act of 1999 (AIPA), The Copyright Royalty and Distribution Reform Act of 2004, and The Digital Millennium Copyright Act of 1998.

(b) Private, competitive, proprietary, or commercial information;

(c) Confidential financial information, information relating to ownership, structure, operation or control of any non-public company- - Documents reflecting corporate procedures, board minutes, entity structure and formation will contain highly sensitive commercial, financial and private information. The parties to this action are not public companies, therefore, unprotected disclosure of these documents will harm the plaintiffs and defendants by disclosing private and financial data to the public.

(d) Work performed specifically under contract. This action will require production of documents reflecting work performed by one party on behalf of another party in exchange for compensation. All parties involved assigned a financial value to the work performed and information gained as a result. Disclosing such information would give an unfair advantage to party's competitor who did not pay for this work to be performed on its behalf.

6. Material or information designated as "CONFIDENTIAL" pursuant to this Order ("Confidential Material") shall be used by any recipients solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein. No expert or consultant shall review or gain access to Confidential Material unless he or she has executed the Notification of Protective Order and Undertaking (attached as Exhibit A)

### Designation of Confidential Material

7. The producing party may designate documents containing confidential or trade secret information as described herein as Confidential Discovery Material by stamping or otherwise clearly marking the document as "CONFIDENTIAL" or "Trade Secret" in such a manner that will not interfere with legibility or audibility.

8. The designation of information or material as "CONFIDENTIAL" for purposes of this Order shall be made in the following manner by the party or third party seeking protection:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial testimony): by affixing a plainly visible confidentiality designation legend, stating either "CONFIDENTIAL" or "This Document Contains Material Designated as Confidential Pursuant to the Protective Order Entered in this Case", to (i) the cover page of such document, or on the outside of any media for storing electronic documents, and (ii) each page containing any

confidential information or material, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. Whoever seeks designation of a native-format computer file as Confidential Material shall, to avoid altering the original file, not affix a label to the electronic file itself, but shall inform the receiving party in writing of the designation.

(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated hereunder; or (ii) by written notice of such designation sent by counsel to all parties within ten (10) days after the delivery to counsel of the transcript of the deposition. At or before a deposition, the deponent or his counsel, or any other counsel of record, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed protected under this Order. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court. If any document or information designated under this Order is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped accordingly, and access thereto shall be limited pursuant to the other terms of this Order.

9. Any documents and information produced by nonparties, pursuant to subpoena or otherwise may be designated "CONFIDENTIAL" pursuant to the terms of this Order by any party or nonparty.

**Disclosure And Use Of Confidential Material**

10. Confidential Material under this Order, or copies or extracts therefrom and compilations thereof, may be disclosed, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    (a) Outside counsel for any party to this litigation and staff and supporting personnel of such attorneys, such as paralegals, secretaries, stenographic and clerical employees and contractors, and outside copying, imaging and presentation services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the materials be disclosed for purposes of this litigation;

    (b) In-house counsel for the parties herein who are necessary for the furtherance of this litigation and in-house paralegals;

    (c) A named party in this litigation, or an officer, director, or employee of a named party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (d) Subject to Paragraphs 11 and 13 herein, persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts, provided that the disclosure of Confidential Material to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

    (e) Subject to Paragraph 13 herein, any other persons who are designated to receive Confidential Material by order of this Court after notice to the parties, or by written stipulation of the parties;

    (f) Subject to Paragraphs 12 and 13 herein, any person who gives testimony in deposition in this action;

    (g) The Court, Magistrate Judge and Court personnel;

    (h) Subject to Paragraph 13, court reporters, interpreters and videographers employed in connection with this action;

    (i) Individual party's insurer and insurer's employees involved in handling claims generated by this action; and

(j) The parties retain the right to apply to the Court for an order restricting certain individuals from access to certain information.

11. For the purposes of this Order, a consultant or expert shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a named party in this litigation.

12. Each person set forth in Paragraph 10 to be examined as a witness, may be so examined during a deposition concerning any information or material designated under this Order, which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated under this Order by a party which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness's compliance with Paragraph 6.

13. Each person set forth in Paragraph 10 who is not (i) outside counsel to a party to this litigation, or staff directly employed by such outside counsel, or (ii) the Court or Court personnel to whom Confidential Material is to be disclosed, shall, prior to receiving such material, be furnished with a copy of this Order and a copy of the Court's Notification of Protective Order and Undertaking, which the person shall read and sign (*see* Exhibit A). Counsel for the party seeking to disclose Confidential Material to any such person pursuant to this paragraph shall be responsible for permanently retaining, and making available, the executed originals of all such Notifications.

14. All Confidential Material shall be securely maintained in a manner intended to preserve confidentiality. Access to such material shall be permitted only to those designated persons set forth in Paragraph 10 above as persons properly having access thereto. The recipient of any Confidential Material shall use its best efforts, but

at no time less than reasonable efforts under the circumstances, to maintain the confidentiality of such information.

15. Nothing contained in this Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

16. Nothing contained herein shall be deemed to create a waiver as to inadvertently-produced discovery materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure. The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return of such documents or information is made within ten (10) Court days after the producing party learns of the inadvertent production. Within five (5) Court days of such request, the receiving party shall take reasonable efforts to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

17. Parties understand that designation of any material or document as "CONFIDENTIAL" does not entitle the parties to have those documents filed under seal. In the event that counsel for any party determines to file or submit to this Court any Confidential Material or any papers containing, quoting, or describing such information, those materials shall be filed under seal in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened or the contents thereof displayed or revealed except by Order of the Court. Violation hereof may be regarded as contempt of the Court.

When filing documents under seal, the parties will cite to the court the legal grounds for filing the Confidential Discovery Material under seal. Subject to the Court's convenience and needs, documents filed under seal shall be kept under seal by the Clerk until further Order of the Court.

18.     Pursuant to Local Rule 79-5, any Confidential Discovery Material to be filed shall be filed manually, along with an application to seal. If a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an application for a sealing order and lodge the document, memorandum or other filing in accordance with Local Rule 79-5. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the Court approves the requested sealing order. Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

19.     If any attorney files with or submits to the court any confidential (a) documents, responses, transcripts or things as defined by this order, or information derived there from, or (b) any affidavits, memoranda, exhibits or other papers

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information designated under this Order;

(c) prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(e) prejudice in any way the rights of any party to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

(f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material with written or on the record consent of the party disclosing such information.

26. This Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

27. In the event that information in the possession or control of a party involves the confidentiality rights of another party or a third party or its disclosure would violate a protective order issued in another action, the party with possession or control of the information will promptly attempt to obtain the consent of the other party or third party to disclose the information under this Order. If the consent of the

|   |   |
|---|---|
| 1 | third party is refused or otherwise cannot be obtained, the party will promptly |
| 2 | thereafter notify the party seeking discovery by the written response due date for such |
| 3 | discovery of: (a) the existence and description (to the extent disclosable) of the |
| 4 | information without producing such information and; (b) the identity of the other party |
| 5 | or third party (provided, however, that such disclosure of the identity of the non-party |
| 6 | does not violate any confidentiality obligations). The party seeking discovery may |
| 7 | then make further application to the party or non-party or seek an order to compel |
| 8 | discovery. |

28. Within sixty (60) days after the final termination of litigation between the parties (including appeals), all Confidential Material and all copies thereof (including summaries and excerpts) shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, counsel who is entitled access to such designated material pursuant to this Order may retain one complete and unredacted set of its work product that contains designated material as well as pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, a dispute over such counsel's performance, or a dispute over the use or dissemination of Confidential Material. Such retained copy of pleadings and papers shall be maintained in a file accessible only by properly authorized counsel under the provisions of, and bound by, this Order.

29. ~~This Order shall survive the final termination of this litigation with respect to any such retained Confidential Material and the Court shall retain jurisdiction to resolve any dispute concerning the use thereof.~~ The Court will not enter a protective order that extends beyond the commencement of trial. The parties must show good cause to the District Judge in advance of trial to proceed otherwise.

Dated 4/27, 2010

_____
United States Magistrate Judge